IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DONALD MCDUFFIN WILLIAMS : | |
| Plaintiff : | |
| v : | Civil Action No. PJM-07-2752 |
| CHAIRPERSON B. ROSS PAROLE AGENT : | |
| Defendant : | |

o0o

### MEMORANDUM OPINION

The above-captioned civil rights action was filed on October 10, 2007, together with a Motion to Proceed In Forma Pauperis. Because he appears to be indigent, his motion shall be granted. For the reasons that follow, the Complaint will be dismissed.

Plaintiff asserts he was denied parole on grounds that he did not do everything he was told to do at a previous parole consideration hearing. Paper No. 1 at p. 4. He asserts this denial was improper, because he was not told to do anything, and it is illegal for the Parole Commission to make his sentence non-parolable by denying him parole. *Id*.

By virtue of a valid criminal conviction and subsequent confinement, a prisoner loses his expectation of liberty. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976). In order to invoke pre-deprivation procedural due process protections, a prisoner must first establish that he has been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995). Lack of opportunity to earn or have applied diminution credits to secure an early release is not an atypical and significant hardship. *See Bulger v. United Sates Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). The Constitution itself does not create a protected liberty interest in the expectation of early release or parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be

conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.). Moreover, the mere fact that Plaintiff was denied release on parole on one occasion, does not foreclose the possibility of a favorable decision in the future. Thus, Plaintiff's claim that his sentence has been "converted" to a non-parolable one is without merit.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under this standard the instant case must be dismissed as frivolous. Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case is the first filed by Plaintiff that has been dismissed as frivolous. For the reasons stated, it will be dismissed by separate order.

October 24, 2007

                                         /s/
                         PETER J. MESSITTE
                UNITED STATES DISTRICT JUDGE